UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES J. BROWN,

        Petitioner,

Civil Action No.
08-CV-11113

vs.

HON. BERNARD A. FRIEDMAN

KENNETH ROMANOWSKI, et al.

        Respondents.
_____/

# OPINION AND ORDER TRANSFERRING THIS MATTER TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

## I. Introduction

James J. Brown, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his 1992 convictions out of the Detroit Recorder's Court for one count of first-degree murder, M.C.L.A. 750.316, and one count of assault with intent to rob while armed, M.C.L.A. 750.89. Petitioner has previously filed a petition for a writ of habeas corpus challenging these convictions. The petition was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Brown v. Cason*, U.S.D.C. No. 03-CV-72225-DT (E.D. Mich. March 12, 2004) (Tarnow, J.); *aff'd* U.S.C.A. No. 04-1696 (6th Cir. June 13, 2005). For the following reasons, the Court has concluded that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a

habeas petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). "[T]his requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . ." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts, which was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The dismissal of a state prisoner's § 2254 petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits. *See Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003). Consequently, any future petitions filed under § 2254 which challenge the same conviction are "second or successive" petitions for the purpose of § 2244(b). Judge Tarnow's dismissal of petitioner's prior habeas application on the ground that it was barred by the statute of limitations was therefore an adjudication on the merits of petitioner's prior habeas application, for the purpose of § 2244(b).

The current application is therefore a second or successive petition for habeas relief.

Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time-barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III. Conclusion

Petitioner has not obtained the Sixth Circuit's authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly,

IT IS ORDERED that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

       ___s/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       CHIEF UNITED STATES DISTRICT JUDGE

Dated: March 19, 2008